# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYSHA AHMED,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 05CV1894 WQH (POR)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

HAYES, Judge:

　　　　The matter before the court is the review of the Report and Recommendation filed on October 4, 2006, by the Honorable Louisa S. Porter, United States Magistrate Judge.

## BACKGROUND

　　　　In June of 1999, Plaintiff Aysha Ahmed filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, claiming disability due to back pain, headaches and mental impairments. The Commissioner denied her claim initially and on reconsideration, and after a hearing before Administrative Law Judge (ALJ) James S. Carletti, the denial was affirmed. Plaintiff's request for review by the Social Security Administration's Appeals Council was denied, and she did not pursue judicial review.

　　　　In March of 2003, Plaintiff filed a second application for SSI, claiming disability due to severe mental disorder, chronic headaches and back pain. The Commissioner denied this claim as well, both

initially and on reconsideration.  Plaintiff filed a timely request for a hearing before an ALJ, and submitted additional evidence, including a new evaluation form for mental disorders and progress notes from her treating psychiatrist, Dr. Sultana Hamrang.  In April of 2004, ALJ Bernard A. Trembly conducted a hearing, and on June 15, 2004, issued a decision denying her SSI claim.  Plaintiff again requested review by the Appeals Council and was again denied.  On October 4, 2005, Plaintiff filed this action for review of ALJ Trembly's opinion, which had become the final decision of the Commissioner.

On March 1, 2006, this Court referred the matter to Magistrate Judge Louisa S. Porter for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c)(1)(C).

On May 5, 2006, Plaintiff moved for summary judgment arguing that the ALJ erroneously failed to consider the opinion of her treating psychiatrist, Dr. Hamrang, and misconstrued the conclusions of the social security examining psychiatrist, Dr. Shapiro.  On June 22, 2006, the Commissioner filed a cross-motion for summary judgment arguing that the ALJ properly considered all of the evidence.

On October 4, 2006, Magistrate Judge Porter issued a Report and Recommendation recommending that this Court grant Plaintiff's motion for summary judgment, deny Defendant's cross-motion for summary judgment, and remand the case for further consideration by the ALJ.  The Magistrate Judge determined that the ALJ's interpretation of Dr. Shapiro's evidence was appropriate.  However, the Magistrate Judge concluded that ALJ Trembly committed legal error in not indicating on the record consideration of Dr. Hamrang's most recent report and evaluation, and that this error may have an impact on the outcome of the SSI claim.

The Magistrate Judge ordered the parties to file written objections to the Report and Recommendation on or before November 6, 2006.  On October 10, 2006, Defendant filed Objections, arguing that the ALJ's decision was supported by substantial evidence and free of legal error.

**DISCUSSION**

The District Court must evaluate *de novo* any portion of the Magistrate Judge's Report and Recommendation to which objections are made, and may accept, reject, or modify the findings or recommendations therein.  28 U.S.C. § 636(b)(1).

After *de novo* review of the findings of fact and conclusions of law, particularly those facts and conclusions related to ALJ Trembly's consideration of Dr. Hamrang's most recent medical findings, the Court adopts the Report and Recommendation filed on October 4, 2006, in its entirety. The Magistrate Judge correctly concluded that the ALJ erred by not discussing Dr. Hamrang's assessment of Plaintiff's mental condition and resulting limitations. While it is true, as Defendant's objection pointed out, that the ALJ need not discuss every piece of evidence, the ALJ must explain "why significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). A treating physician's opinion is entitled to special weight, and an ALJ cannot disregard it without "specific, legitimate reasons for doing so." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)(citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). ALJ Trembly failed to give any reasons for rejecting Dr. Hamrang's opinion, and, in fact, failed to mention Dr. Hamrang at all.

ALJ Trembly's opinion shows that he relied heavily on the prior ALJ's determination of Plaintiff's functional capacity. A prior determination of functional capacity is entitled to limited res judicata effect. *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1998). However, prior determinations will be reopened for good cause, including the presentation of new and material evidence. 20 C.F.R. § 404.989(a)(1) (2006). Dr. Hamrang noted that Plaintiff suffers from auditory hallucinations and paranoia. (A.R. 219-20). There is no evidence in the record that these conditions were considered by ALJ Carletti in the first hearing. If properly considered these conditions could impact the determination of functional capacity and disability. Therefore, remand is appropriate.

**IT IS HEREBY ORDERED** that (1) the Court adopts the Report and Recommendation filed on October 4, 2006, in its entirety; (2) Plaintiff's motion for summary judgment is granted; (3) Defendant's motion for summary judgment is denied; and (4) the matter is remanded for further administrative proceedings.

**IT IS SO ORDERED**.

DATED: March 2, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge